

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John H. Winters, Executive Director
Department of Public Welfare
Austin, Texas

Dear Sir:

Opinion No. O-7178
Re: Can the Department of Public Welfare or State Treasurer furnish the Postal Inspectors photostatic copies of Old Age Assistance Warrants, which allegedly have been stolen or have the recipient's name forged thereon, for the investigation and prosecution of such violators, and related questions.

This acknowledges receipt of your letter, which reads in part:

"The Department has from time to time received numerous requests for certain types of information from the records, and we have received several opinions from your Department in answer to specific questions, namely, Opinions No. O-2122, O-2432, O-3136, O-4976, O-6350, and O-6894.

"Section 26 of the Public Welfare Act provides for the method of payment of assistance grants to the individual recipient and provides in part '. . . when such vouchers or warrants have been drawn, they shall be delivered to the Executive Director of the State Department of Public Welfare who in turn shall supervise the delivery of same to the persons entitled thereto.'

"In compliance with the provision of the law the assistance warrants are delivered by the Executive Director to the post office in Austin for delivery to the recipients. Each month more than two hundred thousand of these warrants are mailed. Out of this number, there are many checks which are not delivered to the recipients. Some of these checks are lost due to erroneous addresses

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John H. Winters - Page 2

while others are not delivered because they have been intercepted by some person not legally entitled to them, the latter class being the subject of this opinion.

"To illustrate this, a few months ago several mail pouches were taken out of the mails. When the mail pouches were recovered approximately three hundred old age assistance warrants, some of which had been opened, were returned by the Postal Authorities to the Department of Public Welfare for re-mailing. Numerous others had been opened and cashed. In order to obtain clues which might lead to the apprehension of the suspect, the Postal Authorities requested information from this Department about checks which were reported to the Department by the recipients as not being received. A number of the checks were endorsed and cashed.

"Each month a number of individual recipients report that they have not received their checks. Upon making inquiry, it is found by the Department that many of these checks were paid by the State Treasurer allegedly on a forged endorsement. When these thefts are reported to the Postal Authorities, they request this Department to furnish photostatic copies of the warrants involved. Ordinarily the person reporting the theft is the recipient or someone directly interested in the recipient. The Postal Authorities usually have the full name of the recipient, the amount of the check, the address of the recipient, the approximate date of issue of the check, and usually the case and warrant numbers. The information the Postal Authorities are seeking is the information contained on the reverse side of the check, namely, the signature and the place where the check was endorsed or paid. This information is sought for the purpose of making an investigation relative to the alleged theft from the mails and for prosecuting the felon. Normally the only purpose that the photostatic copy would serve is as mentioned above; however, if it should become necessary to use the warrant or to subpoena the recipient into Court, the Postal Authorities also want to use the information for these purposes.

"In recent months the Postal Inspectors have requested numerous photostatic copies of checks. Based upon the opinions from your office which are listed above, the Department has declined to furnish the photostatic copies

when the recipient has received the benefits from his check. We have been requested by the Postal Authorities to submit these facts and to request your opinion relative to the disclosure of information from our records either by this Department or the State Treasurer for the purposes listed herein, and they have agreed to limit or restrict the use of the records, if made available, to the uses or purposes which you consider within the purview of the statutes.

"In your opinion, would it be within the purview of the statutes for the Department of Public Welfare or the State Treasurer to furnish the Postal Inspectors photostatic copies of warrants wherein it is alleged that the warrants were not delivered to the rightful recipient upon being placed in the mails?

"If, in your opinion, the Department of Public Welfare may release such photostatic copies, should the Department furnish these photostats routinely when requested to do so by the Postal Inspectors, or should the Department consider the request on an individual basis in view of the circumstances under which the recipient failed to receive his check?

"If, in your opinion, the photostats may be released to the Postal Inspectors, is this the extent of the information which should be furnished, or should the Department upon receipt of the individual request furnish any other available information from our records pertaining to the loss of the check, i.e., the copies of the affidavit signed by the recipient to the effect that the check was not received or endorsed by him, or such information as the present address of the recipient?

"If this information can be released to them, are there to be any restrictions, to be placed on the use of the record by the Postal Authorities? In other words, after the Postal Authorities receive the photostatic copy of the check or the copy of the affidavit or any other information from the Department relating to the check, can the information be used in a Court proceeding for the prosecution of the suspect?

"Your consideration and opinion of the matters contained in this request will be appreciated.

The Social Security Act, 42 U.S.C.A. 559, section 302, provides in part:

"(a) A State plan for Old Age Assistance must. . .
(8) effective July 1, 1941, provide safeguards which restrict the use or disclosure of information concerning applicants and recipients to purposes directly connected with the administration of Old Age Assistance." (Emphasis added).

Pursuant thereto, the Texas statute, Article 695c, section 33, V.A.C.S. provides in part:

"(1) It shall be unlawful, except for purposes directly connected with the administration of general assistance, old age assistance, aid to the blind, or aid to dependent children, and in accordance with the rules and regulations of the State Department, for any person or persons to solicit, disclose, receive, make use of, or to authorize, knowingly permit, participate in, or acquiesce in the use of, any list of, or names of, or any information concerning, persons applying for or receiving such assistance, directly or indirectly derived from the records, papers, files, or communications of the State Department or subdivisions or agencies thereof, or acquired in the course of the performance of official duties." (Emphasis added).

Section 26 provides in part:

"All assistance payments provided for under the terms of this Act shall be paid by vouchers or warrants . . . When such vouchers or warrants have been drawn they shall be delivered to the Executive Director of the State Department of Public Welfare, who in turn shall supervise the delivery of same to the persons entitled thereto." (Emphasis added).

It is settled that a statute will be construed with reference to its general purpose and the ends or objects sought to be attained, 39 Tex. Juris. 217, Section 116.

Honorable John H. Winters - Page 5

Certainly a paramount and primary objective of the Federal and State statutes is the payment of funds to qualified recipients of Old Age Assistance. Such payments are, without question, directly connected with the administration of Old Age Assistance laws. Any interference with delivery of such payments is necessarily an interference with the administration of Old Age Assistance laws. We conclude, then, that the Department of Public Welfare or State Treasurer may furnish the Postal Inspectors with photostatic copies of warrants allegedly not delivered to the recipient, or which allegedly have been stolen or have the recipient's name forged thereon.

The Department of Public Welfare and State Treasurer should not release such photostatic copies as a matter of routine, for as we said in our Opinion No. O-6350, " . . . this department, by its opinions, has zealously guarded the confidential nature of this information." It is our opinion that the Department of Public Welfare and State Treasurer should consider each request on an individual basis in view of the circumstances under which the recipient failed to receive his warrant.

Since the prosecution of those interfering with the delivery of said payments is directly connected with the administration of Old Age Assistance laws, it follows that the Department of Public Welfare and State Treasurer may furnish, on the merits of each individual request from the Postal Inspectors, any other information pertaining to the loss of said warrant in order that those interfering with such delivery may be prosecuted.

The Postal Inspectors are plainly restricted by 42 U.S.C.A. 559, Section 302, to the use of said information for purposes directly connected with the administration of Old Age Assistance laws, which information, in this specific instance, is given to said Inspectors to use solely for the purpose of investigating and prosecuting those who allegedly have stolen said warrants or have forged the recipient's name thereon.

Since the use of this information is given the Postal Inspectors for the purpose of investigation and prosecution, it may certainly be used by them in Court proceedings against said violators.

It is, therefore, the opinion of this department that:

(1) The Department of Public Welfare or State Treasurer may furnish photostatic copies of warrants and other directly pertinent information to the Postal Inspectors when the recipient has allegedly not received said warrant under circumstances indicating theft, forgery or fraud. Each request for such information must be considered on an individual basis and should be given only under proper circumstances, as indicated supra.

(2) The Postal Inspectors may use this information in Court proceedings against those who allegedly have stolen or forged the recipient's name on said warrant.

(3) The Postal Inspectors may use such information for investigation and prosecution in the instances mentioned supra.

We trust that the foregoing fully answers your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Richard H. Cocke*

Richard H. Cocke

By *William E. Stapp*

William E. Stapp

APPROVED JUL 22, 1945

FIRST ASSISTANT
ATTORNEY GENERAL

WES:sd



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN